**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) Case No. 10-36548 |
| | ) Chapter 11 |
| THEODORE S. WRIGHT, JR. | ) |
| | ) Judge A. Benjamin Goldgar |
| Debtor. | ) Room 642 |
| | ) Hearing Date: June 6, 2016 |
| | ) Hearing Time: 9:30 a.m. |

**SUMMARY OF FINAL FEE APPLICATION FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED BY THE ATTORNEYS OF
WEISSBERG AND ASSOCIATES, LTD., AS CHAPTER 11 COUNSEL TO THEODORE
S. WRIGHT, JR., FOR THE PERIOD FROM MAY 12, 2012 THROUGH JUNE 27, 2012**

| | |
|---|---|
| Name of Applicants: | Ariel Weissberg and Weissberg and Associates, Ltd. |
| Authorized to Provide Professional Services to: | Theodore S. Wright, Jr., as Chapter 11 Debtor-in-Possession |
| Date of Retention: | May 12, 2012 |
| Period for Which Compensation and Reimbursement is Sought: | May 12, 2012 through June 27, 2012 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $4,500.00[1] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $0.00 |
| Type of Fee Application: | Final Fee Application |

This is W&A's Final Fee Application. No prior monthly fee statements or Final Fee Applications have been filed.

---

[1] In accordance with a negotiated agreement reached with the Chapter 7 Trustee, Weissberg and Associates, Ltd. voluntarily requests allowance at a reduced amount equal to approximately 80% of the value of its services rendered during the subject period, i.e., $5,743.75.

Dated: May 9, 2016    Respectfully submitted,

**ARIEL WEISSBERG AND WEISSBERG AND ASSOCIATES, LTD.** Applicants


By: /s/ Ariel Weissberg
One of their attorneys


Ariel Weissberg, Esq. (03125591)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
T. (312) 663-0004
F. (312) 663-1514
F. 312-663-1514

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) Case No. 10-36548 |
| | ) Chapter 7 |
| THEODORE S. WRIGHT, JR. | ) |
| | ) Judge A. Benjamin Goldgar |
| Debtor. | ) Room 642 |
| | ) Hearing Date:  June 6, 2016 |
| | ) Hearing Time: 9:30 a.m. |

**FINAL FEE APPLICATION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED BY THE ATTORNEYS OF WEISSBERG AND ASSOCIATES, LTD., AS CHAPTER 11 COUNSEL TO THEODORE S. WRIGHT, JR., FOR THE PERIOD FROM MAY 12, 2012 THROUGH JUNE 27, 2012**

NOW COME Ariel Weissberg, Rakesh Khanna, John B. Wolf and the law firm of Weissberg and Associates, Ltd. (collectively referred to as either "Applicant" or "W&A"), counsel to Theodore S. Wright, Jr. ("Wright" or "Debtor"), Debtor and Debtor-in-Possession in the above-captioned Chapter 11 case (the "Case"), pursuant to §§ 503(b) and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), hereby request that this Court enter an order (a) allowing and approving $4,500.00 in final fee compensation for Applicants for legal services from May 12, 2012 through June 27, 2012 (the "Application Period") incurred by Applicant in connection with this case during the Application Period, and (c) authorizing and directing Wright to pay Applicant $4,500.00[1] in fees, which represents the total amount requested pursuant to this Final Fee Application (the "Final Fee Application").  Applicant did not receive an Advanced Payment Retainer from Wright.

In support of this Final Fee Application, W&A states as follows:

---

1 This request is a voluntarily reduced amount pursuant to an agreement reached with the Chapter 7 Trustee.  The actual value of services rendered is $5,743.75

1

## I. JURISDICTION

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

3. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 330 and 503.

## II. INTRODUCTION

This is the Application of Ariel Weissberg, Rakesh Khanna, John B. Wolf and the law firm of Weissberg and Associates, Ltd. for an allowance of final compensation in the sum of $4,500.00 pursuant to 11 U.S.C. §§ 503(b) and 330 and Federal Rules of Bankruptcy Procedure 2016, for services rendered to the Debtor as Chapter 11 counsel prior to the conversion of this case to Chapter 7.

## III. HISTORY AND PRESENT STATUS OF THE CASE

4. On August 16, 2010, Wright filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division seeking to reorganize under Chapter 11 of the Bankruptcy Code.

5. From the Petition Date until June 27, 2012, the Debtor operated his business and managed his financial affairs as a debtor-in-possession, until his Chapter 11 case was converted to a case under Chapter 7 on June 27, 2012 (the "Conversion Date").

6. After the Conversion Date. David Grochocinski was appointed as trustee in the Debtor's Chapter 7 case. Mr. Grochocinski subsequently resigned and Elizabeth C. Berg is now the duly appointed qualified and acting Chapter 7 Trustee of this Estate ("Trustee").

7. On September 22, 2010, the Court granted the Debtor-in-Possession's Motion to employ Scott Clar, Eugene Crane, Arthur Simon, Jeffrey Dan and the law firm of Crane Heyman Simon Welch & Clar as attorneys for the Debtor (Docket No. 34). On April 18, 2012, approximately two months prior to a scheduled trial date on Debtor's claim objections, Clar and the other members of his law firm withdrew as attorney for the Debtor (Docket No. 338).

8. Shortly thereafter, Debtor paid Applicant a $15,000.00 retainer ("Retainer") and retained Applicant to represent him in the claim objection proceedings and in the bankruptcy case generally, On June 6, 2012, Ariel Weissberg filed an Appearance in the case and on June 12, 2012, Applicant filed an application to employ Ariel Weissberg, Rakesh Khanna and John B. Wolf as counsel for the Debtor ("Motion to Employ").

9. The United States Trustee filed a Motion to Convert or Dismiss the case before Applicant's Motion to Employ was presented to the Court. Prior to the scheduled trial on the claim objections, the parties agreed that it was in the best interests of all parties to convert the case to a Chapter 7 case and as a result, Applicant withdrew the Motion to Employ.

10. On June 27, 2012, the case was converted to Chapter 7 and Applicant subsequently turned over the Retainer to the Chapter 7 Trustee.

11. Applicable rendered actual and necessary service to the Debtor during the period the case was pending under Chapter 11 and now seeks allowance of compensation for those services as a Chapter 11 administrative expense. Trustee and Applicant have conferred on the matter and the Trustee has no objection to allowance of the proposed administrative expense in the voluntarily reduced amount of $4,500.00.[2]

### IV. THE NATURE AND EXTENT OF THE SERVICES RENDERED AND COSTS INCURRED

12. Applicant presents this Final Fee Application for allowance of final compensation pursuant to §330 of the Code for Professional Services rendered from May 12, 2012 through June 27, 2012. All services for which compensation is requested by Applicant was in connection with this case; were in connection with Wright's performance of his duties prescribed by the Code or were rendered pursuant to order of the Court.

13. W&A performed the following services for the Debtor:

    a. Advised the Debtor with respect to his powers and duties as Debtor and Debtor-in-possession as he managed his property and operated his business and properties;

    b. Met and negotiated with representatives of certain creditors of the Debtor and other parties in interest, and advised and consulted with the Debtor on

---

2 Applicant is advised that the Trustee has reached agreements with all other Chapter 7 and Chapter 11 administrative claimants for voluntary reductions in claims which will enable the Trustee to make a final distribution to priority unsecured creditors in which would otherwise be an administratively insolvent estate.

the conduct of the Case, including with respect to the legal and administrative requirements of operating a business in Chapter 11;

c. Prepared Debtor for court proceedings;

d. Advised the Debtor on matters relating to the assumption or rejection or assignment of unexpired leases and executory contracts;

e. Advised the Debtor with respect to legal issues arising in or relating to the Debtor's ordinary course of business, including, without limitation, banking, insurance, corporate, and contracts;

f. Took all necessary action to protect and preserve the Debtor's estate by filing Objections to Proofs of Claim;

g. Took such action as was necessary with reference to claims that were asserted against Debtor, and to prepare, on behalf of Debtor, such applications, motions, complaints, orders, reports and other legal papers as were necessary in connection with this proceeding and performed all other legal services for Debtor necessary to the administration of the Debtor's estate;

h. Participated in meetings with Debtor, and met with and negotiated with parties other than the Debtor in connection with the above-referenced matters;

i. Appeared before this Court and other courts to protect the interests of the Debtor's estate; and

j. Performed all other necessary and legal services for the Debtor in connection with the case.

14. As the Debtor's counsel, W&A performed a variety of legal services during the Application Period, a breakdown of which is attached hereto as Exhibit 1.

The following attorneys of Weissberg and Associates, Ltd. rendered services to Wright during the Application Period:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| | | | |
| Ariel Weissberg, Partner | 12.75 | $425 | $5,418.75 |
| John B. Wolf, Associate | 1.00 | $325 | $ 325.00 |
| | | | |
| **TOTALS:** | **13.75** | | **$5,743.75** |

15. The above-referenced hourly rates for legal services are identical to the rates generally charged by W&A to its non-bankruptcy clients.

16. The time expended by W&A was for general administration of the case.

17. A detailed itemization of the professional time expended in this billing category is attached hereto as Exhibit 1.

18. All of the hours reflected in the Statement were reasonable and necessary to protect the interests of Debtor, the unsecured creditors and the secured creditors of this estate. The hourly rate of Ariel Weissberg ($425) is normal and customary. These services were necessary to the administration of the estate, and were beneficial to the estate. The services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed. The compensation sought by Applicant is reasonable based on compensation charged by comparably skilled practitioners in the Greater Chicago Metropolitan area in other Chapter 11 cases.

19. § 330 of the Bankruptcy Code governs compensation of professionals in a bankruptcy case and provides that, when determining the amount of reasonable compensation to

award to a professional, the Court should consider the nature, extent and value of the services to the bankrupt estate and all other relevant factors. 11 U.S.C. § 330(a)(3).

20. In addition, Bankruptcy Rule 2016 provides that "an entity seeking final compensation for services or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." Fed. R. Bankr. P. 2016(a).

21. Bankruptcy courts in this district have stated that "[i]n reviewing fee applications, the bankruptcy court must address three issues: were the services that are the subject of the application properly compensable; if so, were they actual and necessary; if so, how will they be valued?" *In re Lifschultz Fast Freight*, 140 B.R. 482, 485 (Bankr. N.D. Ill. 1992) citing *In re Wildman*, 72 Bankr. 700, 704 (Bankr. N.D. Ill. 1987).

21. The Final Fee Application meets the foregoing requirements. First, W&A's services are properly compensable. The Court entered the Employment Order which authorized the retention of W&A as attorneys for the Debtor. Further, the Final Fee Application is being properly filed pursuant to 11 U.S.C. § 330. W&A's services were necessary to resolve the claims of creditors, and to confirm the Plan. Therefore, W&A's services are properly compensable. *See Lifschultz*, 140 B.R. at 485 (court found that where law firm was properly retained and law firm filed appropriate fee application, law firm's services were "properly compensable").

22. Second, compensation is proper for services that are actual and necessary. The *Lifschultz* court found that "[s]ervices necessary under § 330 are those services that aid the professional's client in fulfilling its duties under the Code." *Id*. Further, "[n]ecessary services have always included services that aid in the administration of the case and help the client fulfill duties under bankruptcy law, whether or not those services result in a monetary benefit to the

7

estate." *Id*. The services provided by W&A were actual and necessary. Again, W&A's services were "actual and necessary" to achieve confirmation of the Plan. As set forth in this Final Fee Application, W&A's attorneys have provided numerous services to the Debtor on a daily basis—all of which led to confirmation of the Plan.

23. Third, "[o]nce the court has determined that the services for which compensation is sought were properly compensable and actual and necessary, it must determine the value of those services." *Id*. at 488. That is, "the court must evaluate what the 'actual, necessary services' were worth to the client, based upon the five criteria listed in § 330(a)(1)." *Id*. At 488. In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested herein by W&A is fair and reasonable, and fairly represents the value the Debtor received from W&A's services, given: (i) the nature of the Case, (ii) the novelty and complexity of the Case, (iii) the time and labor required to represent the Debtor effectively, (iv) the time limitations imposed by the Case, (v) the nature and extent of the services rendered, (vi) W&A's experience, reputation and ability, (vii) the value of W&A's services, and (viii) the cost of comparable services other than in a case under title 11 of the United States Code. Here, the value of W&A's services is not in doubt: without these services, the Plan would not have been confirmed.

24. Other than as provided in 11 U.S.C. 504(b), Applicant has not agreed to share, any compensation or reimbursement received as a result of this case with any person, firm or entity. No agreement or understanding exists between Applicant and any other person, firm or entity concerning the sharing of compensation or expense reimbursement received, or to be received on account of this case. No promises concerning compensation or expense reimbursement have been made to Applicant by any person, firm or entity. The sole and exclusive source of compensation and expense reimbursement shall be funds of this estate.

25. The services rendered and described above provided a substantial benefit to the Debtor's estates and is fair and reasonable, pursuant to 11 U.S.C. 330 and Bankruptcy Rule 2016. The reasonable value of services rendered by W&A from May 12, 2012 through June 27, 2012, giving due consideration to the nature, extent and value of services rendered, the time which has been fairly and properly expended, the quality and skill for which the situation called, the risk and contingency of nonpayment and the cost of comparable services other than in a case under Chapter 11, and the results achieved in this Case, is $4,500.00. Based on the hourly charges of W&A, as set forth above, W&A requests that this Court determine and allow $4,500.00 as final compensation.

26. In addition to the foregoing, attached hereto as Exhibit 2 is the Declaration of Ariel Weissberg in support of this Final Fee Application.

### V. NOTICE

27. No prior request for the relief requested by this Application has been made to this Court or any other court.

28. A notice advising of the hearing on this application has been transmitted to all creditors on May 4, 2016. A copy of the notice is appended hereto. Creditors that have filed an appearance in the case and that receive notice to the ECF system have been provided with a copy of this entire application.

WHEREFORE, Ariel Weissberg and the law firm of Weissberg and Associates, Ltd. respectfully request that the Court enter an order:

(a) Allowing and approving (i) $4,500.00 in final compensation for W&A's legal services during the Application Period;

(b) Directing the Debtor to pay W&A $4,500.00 in legal fees, which represents the

9

total amount requested pursuant to this Final Fee Application; and

(c) Granting such other and further relief as the Court deems just and proper.

Dated: May 9, 2016

Respectfully submitted,

**ARIEL WEISSBERG AND WEISSBERG AND ASSOCIATES, LTD.,** Applicants

By:     /s/ Ariel Weissberg
One of their attorneys

Ariel Weissberg, Esq. (03125591)
Weissberg and Associates, Ltd.
401 S. LaSalle St., Suite 403
Chicago, IL 60605
T. (312) 663-0004
F. (312) 663-1514